United States Bankruptcy Court

Eastern District of Pennsylvania

In re:     Case No. 21-10287-pmm
Ann Krueger-Ruff     Chapter 13
Duane F. Ruff
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 2
Date Rcvd: Aug 20, 2021     Form ID: pdf900     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | Ann Krueger-Ruff, Duane F. Ruff, 5776 Keith Lane, Emmaus, PA 18049-5047 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2021     Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor U.S. Bank National Association As Trustee Et Al andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| JILL MANUEL-COUGHLIN | on behalf of Creditor BANK OF AMERICA N.A. bankruptcy@powerskirn.com |
| JONATHAN WILKES CHATHAM | on behalf of Creditor PA Dept of Revenue RA-occbankruptcy7@pa.gov |
| KEVIN K. KERCHER | on behalf of Debtor Ann Krueger-Ruff kevinkk@kercherlaw.com kevin@kercherlaw.com |
| KEVIN K. KERCHER | on behalf of Joint Debtor Duane F. Ruff kevinkk@kercherlaw.com kevin@kercherlaw.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2007-HSBC1 Mortgage Pass-Through Certificates, Series 2007- HSBC1 bkgroup@kmllawgroup.com |
| SARAH K. MCCAFFERY | |

| District/off: 0313-4 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Aug 20, 2021 | Form ID: pdf900 | Total Noticed: 1 |

on behalf of Creditor BANK OF AMERICA N.A. bankruptcy@powerskirn.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Ann Krueger-Ruff | | |
| and Duane F. Ruff, | : | Chapter 13 |
| | : | |
| | : | |
| Debtors. | : | Bky. No. 21-10287 PMM |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #45 "the Application") filed by Kevin K. Kercher ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$7,175.00** for representation of the Debtors from the inception of the case until confirmation. The chapter 13 Plan was confirmed on July 22, 2021.

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND** the Application seeking total fees of $7,175.00 for representation of this "above-median" Debtor. Applicant also requests reimbursement of expenses in the amount of $313.00.

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$7,050.00**, minus $2,500.00 which was paid to the Applicant pre-petition. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. Reimbursement of expenses is allowed in the amount of $313.00.

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the docket as well as the Applicant's time records in this matter (filed as an exhibit to the Application), I am left unpersuaded that a fee of $7,175.00 is warranted. There are two (2) charges on the time records for the March 16, 2021 §341 meeting, which was conducted by Zoom. The total time charged is 1.4 hours, which is excessive. Further, the time sheets do not disclose why there are separate charges for a single task. I will therefore reduce the Applicant's fee by the amount charged for one (1) of the entries, March 16, 2021 entry for .5 hours which amounts to a charge of $125.00.

4.  The Trustee is authorized to distribute to the Applicant these allowed amounts of as an administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such distribution is authorized under the terms of the chapter 13 plan.

Date: August 20, 2021

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**